**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE MANLEY LAW FIRM LLC,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. 2:25-cv-1242** |
| v. | : | **Judge Edmund A. Sargus, Jr.** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **BRENT J. GIBBS,** | : | |
| | : | |
| **Defendant.** | | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs The Manley Law Firm's and MDK Management Company, Inc.'s Motion for Leave to File First Amended Complaint Instanter ("Motion to Amend," ECF No. 29). For the following reasons, the Motion is **GRANTED.**

## I.      BACKGROUND

Plaintiffs filed this action on October 24, 2025, against Defendant Brent J. Gibbs, seeking a declaratory judgment to resolve a dispute among the parties related to Defendant's termination, his expulsion of membership from Plaintiff entities, and disposition of his ownership interests. (ECF No. 1.) On December 9, 2025, Defendant filed a motion to dismiss or, in the alternative, to stay the case, arguing that the Court should decline to exercise jurisdiction or stay the action because of a parallel proceeding pending in Florida state court. (ECF No. 12.) Defendant's motion to dismiss remains pending on the docket.

The Court's Preliminary Pretrial Order provides that "Any motion to amend the pleadings or to join additional parties shall be filed within FOURTEEN DAYS of a ruling on Defendant's

Motion to Dismiss."  (ECF No. 22, PAGEID # 457.)  As Defendant's motion to dismiss remains pending, Plaintiffs timely filed the subject Motion to Amend.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *see Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counse*l, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III.    ANALYSIS

Plaintiffs move to amend to add two plaintiffs and additional contract, fiduciary-duty, fraud, declaratory-judgment, and injunctive-relief claims, arguing that these amendments are warranted due to a January 29, 2026 letter from Defendant and information revealed in the Florida litigation.  (ECF No. 29, PAGEID #: 518.)  Plaintiffs contend that the additional claims are appropriate in this Court because they "relate to an agreement which contains a mandatory Ohio forum selection clause."  (*Id.*)  Defendant opposes the amendment, contending that Plaintiffs have

been dilatory in seeking to amend the Complaint, that Defendant will be prejudiced by the addition of new claims, and that Plaintiffs' proposed amendments are futile.  (ECF No. 32.)

Plaintiffs have satisfied Rule 15's lenient standard for pleading amendments.

First, Plaintiffs' Motion to Amend is not dilatory, because it was made within the timeframe for pleading amendments entered by the Court and agreed to by the parties in their Rule 26(f) report.  (ECF Nos. 14, 22.)

Defendant counters that Plaintiffs unduly delayed their amendment because they should have known the facts underlying their allegations against Defendant when they filed their original Complaint.  (ECF No. 32, PAGEID #: 712.)  But Plaintiffs represent that their amendments are based on a January 29, 2026 letter from Defendant and discovery from the Florida litigation that has occurred since Plaintiffs filed this action.  (ECF No. 29, PAGEID #: 518.)  And, as discussed, Plaintiffs are within the window to amend agreed to by both parties.  "Thus, this case is not comparable to cases such as *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999), where the plaintiff delayed pursuing his new claims until after the discovery and dispositive motions deadlines had passed."  *Grant v. Target Corp.*, 281 F.R.D. 299, 304 (S.D. Ohio 2012).

Second, the Undersigned is unable to discern any bad faith motive, or any undue prejudice that would befall Defendant by allowing the amendment.  Three months still remain in the discovery period should Plaintiffs' new claims necessitate additional discovery.  *See Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").  Nor is "the inherent prejudice of having to defend against [Plaintiffs'] new claims" sufficient to preclude amendment.  *Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-00427,

2012 WL 1031411, at *3 n.3 (S.D. Ohio Mar. 27, 2012).  And although "another round of motion practice" may be required by the superseding of Plaintiffs' original Complaint and the mooting of Defendant's existing motion to dismiss, "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend."  *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002).  Finally, to the extent that Defendant contends that allowing Plaintiffs' proposed amendments would "result in duplicative litigation and risk inconsistent rulings" and "subject [him] to expanded litigation here, while he fights *identical* claims in Florida" (ECF No. 32 at PAGEID #: 714), the Undersigned finds that such arguments are more appropriately advanced in the context of a motion to dismiss or motion to stay.

Defendant's remaining arguments pertain to the futility of Plaintiffs' proposed amendments to the Complaint.  Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.  *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend the Complaint with the understanding that Defendant is free to challenge the claims against him through a motion to dismiss.  *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow

the merits of the claim to be tested before the District Judge by way of a motion to dismiss.");

*Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The

trial court has the discretion to grant a party leave to amend a complaint, even where the amended

pleading might ultimately be dismissed.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (ECF No. 29) is **GRANTED**.

Because it is directed at the original complaint, Defendant's Motion to Dismiss or in the

Alternative to Stay (ECF No. 12) is **DENIED as moot**.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**