# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**THE MANLEY LAW FIRM,** *et al.*,

      **Plaintiffs,**

      **v.**

**BRENT J. GIBBS,**

      **Defendant.**

**Case Number 2:25-cv-1242**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

## ORDER

This matter is before the Court on Defendant Brent J. Gibbs's Motion to Stay Proceedings (Urgent) ("Motion to Stay"). (ECF No. 57.) Plaintiffs responded in opposition. (ECF No. 58.) For the reasons below, Defendant's Motion to Stay is **DENIED**. (ECF No. 57.)

## BACKGROUND

In his Motion to Stay, filed Monday, June 29, 2026, Defendant asks the Court to stay all proceedings in this action until the Court resolves Defendant's Motion to Dismiss for Lack of Jurisdiction, which was filed on Friday, June 26, 2026. (*Id.*; ECF No. 55.)

Also pending before this Court but not yet ripe are Plaintiffs' Motion for Preliminary Injunction (ECF No. 41), Defendant's Second Motion to Dismiss or in the Alternative to Stay (ECF No. 43), and Plaintiffs' Rule 21 Motion to Drop Nondiverse Party or in the Alternative Motion for Leave to File Second Amended Complaint (ECF No. 53). There is a preliminary injunction hearing scheduled in this matter for August 31, 2026. (ECF No. 48.) The Court set briefing schedules on all four motions (Plaintiffs' Preliminary Injunction Motion and Rule 21 Motion, and both of Defendant's Motions to Dismiss) so that they will be ripe before the preliminary injunction hearing takes place. (ECF Nos. 49, 54, 56.)

Defendant says he filed the Motion to Stay as "urgent" because responses to Plaintiffs' Motion for Preliminary Injunction and Defendant's Second Motion to Dismiss or in the Alternative to Stay are due to be filed on July 1, 2026. (ECF No. 57, PageID 1078.) Given this July 1 deadline, the Court communicated with the Parties through email to instruct Plaintiffs to respond to Defendant's Motion to Stay by June 30, 2026, at 3:00 p.m. Plaintiffs complied with this directive and oppose the stay. (ECF No. 58.)

## ANALYSIS

Two days before the July 1 briefing deadline, Defendant filed the instant Motion to Stay, arguing that without a stay the Parties will be required to continue litigating merits issues while a dispositive jurisdictional motion is pending, which risks substantial and unnecessary expenditure of party and judicial resources.[1] (ECF No. 57.) The Court is unpersuaded.

Defendant emphasizes that, without a stay, the Parties will need to complete "briefing and preparation relating to Plaintiffs' request for emergency injunctive relief and the upcoming preliminary injunction proceedings." (*Id.*) Defendant was aware of the preliminary injunction hearing and related briefing when he filed the Motion to Dismiss for Lack of Jurisdiction and the Motion to Stay. Defendant agreed to the preliminary injunction hearing and briefing dates at the Local Civil Rule 65.1 Conference this Court held two weeks ago. (*See* ECF No. 46.)

Defendant also says jurisdiction must be resolved at the earliest possible moment. (ECF No. 57, PageID 1079.) Defendant is correct, and that is what the Court has been working to do, but that is not an adequate justification to stay briefing on other motions with an impending, agreed-upon, preliminary injunction hearing date. When Plaintiffs failed to file adequate citizenship disclosure statements, the Court ordered them to do so. (ECF No. 45.) When

---

[1] The Court observes the Motion to Stay—filed two days before the July 1 response deadline—requires the expenditure of additional judicial and party resources.

Defendant moved to dismiss based on subject matter jurisdiction, the Court ordered expedited briefing to ensure the motion would be ripe and able to be resolved with speed. (ECF No. 56.)

Finally, Defendant ignores the prejudice that Plaintiffs would experience if a stay were to be imposed—namely, interference with their ability to obtain a preliminary injunction if the Court does indeed have subject matter jurisdiction over this matter. (ECF No. 58.)

## CONCLUSION

For the reasons above, the Court **DENIES** (ECF No. 57) Defendant Brent J. Gibbs's Motion to Stay Proceedings (Urgent).

This case remains open.

**IT IS SO ORDERED.**

6/30/2026

s/Edmund A. Sargus, Jr.

**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**