**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THE MANLEY LAW FIRM, *et al.*,**

**Plaintiffs,**

**v.**

**BRENT J. GIBBS,**

**Defendant.**

**Case Number 2:25-cv-1242**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION AND ORDER**

This matter is before the Court on three motions: Defendant Brent J. Gibbs's Second Motion to Dismiss or in the Alternative to Stay (ECF No. 43), Plaintiffs' Rule 21 Motion to Drop Nondiverse Party or in the Alternative Motion for Leave to File Second Amended Complaint (ECF No. 53), and Defendant Brent J. Gibbs's Motion to Dismiss for Lack of Jurisdiction (ECF No. 55). The Court also considers Defendant Brent J. Gibbs's Objection to the Magistrate Judge's July 14, 2026 Order. (ECF No. 69.)

For the reasons below, the Court **DENIES** Mr. Gibbs's Second Motion to Dismiss or in the Alternative to Stay (ECF No. 43), **GRANTS** Plaintiffs' Rule 21 Motion to Drop Nondiverse Party or in the Alternative Motion for Leave to File Second Amended Complaint (ECF No. 53), **DENIES** Mr. Gibbs's Motion to Dismiss for Lack of Jurisdiction (ECF No. 55), and **OVERRULES** Mr. Gibbs's Objection to the Magistrate Judge's July 14, 2026 Order (ECF No. 69).

**BACKGROUND**

**I. Factual Background**

Plaintiffs The Manley Law Firm, LLC, MDK Management Company, Inc., Flatiron Services, LLC, and Theodore K. Manley bring this lawsuit against Defendant Brent J. Gibbs.

(ECF No. 39.) The Court summarizes the factual allegations set forth in Plaintiffs' First Amended Complaint. (*Id.*)

Mr. Manley is a member of The Manley Law Firm, an Ohio-based law firm. (*Id.* ¶¶ 7–8.) MDK Management provides firm management services to The Manley Law Firm and related entities, and Flatiron provides business services to The Manley Law Firm and related entities. (*Id.* ¶¶ 9–10, 26.) Plaintiffs allege that Mr. Gibbs, an attorney who resides in Florida, was hired to lead The Manley Law Firm's practice group directors across several states and to head the timeshare practice. (*Id.* ¶¶ 2, 11, 25.) According to Plaintiffs, this action arises out of a failed nine-month business relationship that necessitated a business divorce to mitigate damages. (*Id.* ¶ 1.)

On January 1, 2025, Mr. Manley and Mr. Gibbs entered into the Third Amended and Restated Operating Agreement of The Manley Law Firm LLC ("Operating Agreement"). (*Id.* ¶ 21.) Under the Operating Agreement, Mr. Gibbs received a 30% interest in The Manley Law Firm and Mr. Manley retained a 70% interest. (*Id.*) Around the same time, Mr. Manley transferred a 50% interest in MDK Management, a 30% interest in Flatiron, and a 30% interest in Allodial Title LLC to Mr. Gibbs through a Unit Purchase and Option Agreement ("UPOA"). (*Id.* ¶ 22.)

Plaintiffs claim that Mr. Gibbs failed to perform his job duties, alleging that he brought no capital, clients, or specialized expertise to the business relationship, failed to take an active leadership role, claimed credit for others' work, and shared confidential company information with third parties. (*Id.* ¶¶ 2–4, 28–36, 48–52.) On August 1, 2025, The Manley Law Firm placed Mr. Gibbs on administrative leave pending an investigation into allegations against him. (*Id.* ¶ 37.) On September 12, 2025, MDK Management terminated its employment of Mr. Gibbs and disabled his access to information systems. (*Id.* ¶ 38.) Two weeks later, The Manley Law Firm

sought separation of Mr. Gibbs from the law firm through a letter written by counsel. (*Id.* ¶ 54.) The letter stated that The Manley Law Firm would take action to expel Mr. Gibbs if they could not reach an amicable resolution. (*Id.*) In response, Mr. Gibbs attempted to exercise his option under the UPOA to acquire an additional 20% interest in The Manley Law Firm. (*Id.* ¶ 55.) Then, in October 2025, Mr. Manley took action to expel Mr. Gibbs from The Manley Law Firm for cause based on breaches of confidentiality provisions in the Operating Agreement. (*Id.* ¶¶ 56–57.)

## II. Procedural Background

On October 1, 2025, Mr. Gibbs filed a lawsuit against Mr. Manley, The Manley Law Firm, and MDK Management in state court in Florida challenging his termination from MDK Management and seeking to enforce his option to purchase shares in The Manley Law Firm under the UPOA. (*Id.* ¶ 58; ECF No. 60-1.) On October 24, 2025, The Manley Law Firm and MDK Management filed the instant lawsuit against Mr. Gibbs, invoking this Court's diversity jurisdiction. (ECF No. 1.)

In January 2026, Mr. Gibbs sent a letter to Mr. Manley asking to exercise his option under the UPOA to acquire additional interest in The Manley Law Firm and Flatiron. (ECF No. 39, ¶ 63; ECF No. 39-5.) Then, in March 2026, Plaintiffs moved for leave to file an amended complaint (ECF No. 29), which the Court granted (ECF No. 36). The First Amended Complaint added Flatiron and Mr. Manley as Plaintiffs, and included allegations related to Mr. Gibbs's request for additional interest in The Manley Law Firm and Flatiron. (ECF No. 39.)

Plaintiffs bring several causes of action for declaratory judgment related to Mr. Gibbs's membership and employment with The Manley Law Firm, Flatiron, and MDK Management, the terms of the Operating Agreement, and the duties the Parties owe to one another. (*Id.* ¶¶ 68–99, 113–28.) Plaintiffs also assert claims for breach of the Operating Agreement, breach of fiduciary

duty, fraudulent inducement, and negligent misrepresentation. (*Id.* ¶¶ 100–12, 129–48.) Finally, Plaintiffs ask the Court to enjoin Mr. Gibbs from obtaining additional equity in the Plaintiff entities and any other entity affiliated or associated with Plaintiffs. (*Id.* ¶¶ 120–28.)

After Plaintiffs filed their First Amended Complaint, the Parties engaged in multiple rounds of motion practice. In June 2026, Plaintiffs moved for a preliminary injunction. (ECF No. 41.) Shortly thereafter, the Court held a conference pursuant to Local Civil Rule 65.1 and set a preliminary injunction hearing for August 31, 2026. (ECF Nos. 46, 49.) Mr. Gibbs responded in opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 61), and Plaintiffs replied in support (ECF No. 62).

Next, Mr. Gibbs moved to dismiss or, alternatively, to stay this case based on the related lawsuit pending in Florida state court. (ECF No. 43.) Plaintiffs responded in opposition (ECF No. 60), and Mr. Gibbs replied in support (ECF No. 66).

The Court flagged Plaintiffs' failure to file citizenship disclosure statements and ordered Plaintiffs to file those disclosures because jurisdiction in this action is based on diversity of citizenship. (ECF No. 45.) The Manley Law Firm, MDK Management, and Flatiron filed citizenship disclosure statements on June 23, 2026. (ECF Nos. 50, 51, 52.) The same day, Plaintiffs moved under Federal Rule of Civil Procedure 21 to drop Flatiron, a nondiverse Plaintiff, or, alternatively, for leave to file a second amended complaint. (ECF No. 53.) Mr. Gibbs responded in opposition (ECF No. 63), and Plaintiffs replied in support (ECF No. 67).

A few days later, Mr. Gibbs moved to dismiss this action for lack of subject matter jurisdiction (ECF No. 55), to which Plaintiffs responded in opposition (ECF No. 64), and Mr. Gibbs replied in support (ECF No. 68).

Finally, Mr. Gibbs filed an Objection to the Magistrate Judge's Order issued on July 14, 2026, which denied Mr. Gibbs's request to stay discovery pending resolution of his Second

Motion to Dismiss or in the Alternative to Stay (ECF No. 65). (ECF No. 69.) In his Objection, Mr. Gibbs asks the Court to stay his obligation to respond to discovery pending resolution of his Motion to Dismiss for Lack of Subject Matter Jurisdiction. (*Id.*) Plaintiffs responded in opposition to Mr. Gibbs's Objection (ECF No. 70), and Mr. Gibbs replied in support (ECF No. 72).

The Court first addresses Plaintiffs' Rule 21 Motion to Drop Nondiverse Party or in the Alternative Motion for Leave to File Second Amended Complaint (ECF No. 53) and then turns to Mr. Gibbs's Motion to Dismiss for Lack of Jurisdiction (ECF No. 55), as both of those Motions relate to the Court's subject matter jurisdiction over this dispute. Next, the Court considers Mr. Gibbs's Second Motion to Dismiss or in the Alternative to Stay. (ECF No. 43.) Finally, the Court addresses Mr. Gibbs's Objection to the Magistrate Judge's July 14, 2026 Order. (ECF No. 69.)

**PLAINTIFFS' RULE 21 MOTION TO DROP NONDIVERSE PARTY OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs ask the Court to drop Flatiron as a party pursuant to Federal Rule of Civil Procedure 21. (ECF No. 53.) Plaintiffs also seek to dismiss Count Four of the First Amended Complaint, which seeks a declaration expelling Mr. Gibbs from membership in Flatiron. (*Id.*; ECF No. 39, ¶¶ 94–99.) In the alternative, Plaintiffs move for leave to file a second amended complaint, which would drop Flatiron and remove Count Four. (ECF No. 53.)

## I. Legal Standard

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure

19, that is, the party to be dropped must not be a necessary party." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994).

Rule 19 provides a two-step framework to determine whether a party must be joined to an action as a necessary party. Fed. R. Civ. P. 19(a), (b). First, a party is necessary for adjudication if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co. of Am.*, 36 F.3d at 546 (citing Fed. R. Civ. P. 19(a)(1), (2)). If a party is necessary, then the Court considers if the party is indispensable by evaluating (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties," (2) "the extent to which any prejudice could be lessened or avoided," (3) "whether a judgment rendered in the person's absence would be adequate," and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999); Fed. R. Civ. P. 19(b).

## II. Analysis

Plaintiffs ask the Court to drop Flatiron as a party and dismiss Count Four under Federal Rule of Civil Procedure 21. (ECF No. 53.) Flatiron provides business services to The Manley Law Firm and related entities, and in January 2025, Mr. Manley transferred a 30% interest in Flatiron to Mr. Gibbs through the UPOA. (ECF No. 39, ¶¶ 10, 22.)

This action is in federal court based on diversity jurisdiction. (*Id.* ¶ 12.) Diversity jurisdiction exists where there is complete diversity of the parties—all plaintiffs are citizens of different states than all defendants—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Limited liability companies have the citizenship of each of their members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

The First Amended Complaint added Flatiron as a plaintiff (ECF No. 39, ¶ 10), but Plaintiffs acknowledge that doing so destroyed diversity jurisdiction. (ECF No. 53, PageID 1021 ("The addition of Flatiron to this dispute inadvertently destroyed diversity because Defendant Gibbs is a member of Flatiron.").) Mr. Gibbs is a member of Flatiron, so his Florida citizenship is attributed to Flatiron for jurisdictional purposes. (ECF No. 52.) As such, both Flatiron and Mr. Gibbs are citizens of Florida, and complete diversity is lacking. To remedy this jurisdictional defect, Plaintiffs move to drop Flatiron as a party. (ECF No. 53.) Mr. Gibbs opposes this request, arguing that Flatiron is a necessary and indispensable party under Rule 19. (ECF No. 63.)

At the outset, the Court notes that Plaintiffs filed the Rule 21 Motion and are seeking to dismiss a Plaintiff entity from this action. "The identity of the party asking for the dismissal is important because '[t]he plaintiff is "the master of the complaint,"' and generally has the right to choose whether to proceed in federal or state court." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 433 (2026) (quoting *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)). Mr. Gibbs's opposition to Plaintiffs' request to use Rule 21 to drop Flatiron would mean complete diversity is lacking, depriving this Court of subject matter jurisdiction and forcing Plaintiffs to litigate this case in state court "against their wishes and despite their right to control the forum for this case." *See id.*

Next, the Court considers whether Flatiron is a necessary party. A party is necessary for adjudication if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co. of Am.*, 36 F.3d at 546 (citing Fed. R. Civ. P. 19(a)(1), (2)).

If Flatiron were to be dropped as a Plaintiff, the other causes of action in the First Amended Complaint would be asserted on behalf of the remaining Plaintiffs, not Flatiron. (ECF

No. 53, PageID 1024.) As such, dropping Flatiron would not prevent the remaining Plaintiffs from obtaining complete relief from Mr. Gibbs, should they succeed on their claims.

Disposition in Flatiron's absence will not impair its ability to protect its interest in the controversy. Flatiron itself is requesting to be dropped from this lawsuit and represents to the Court that there is "no risk that disposition of this case absent Flatiron would impair Flatiron's ability to protect its interests in this dispute." (*Id.*) Plaintiffs say Flatiron may pursue an independent suit against Mr. Gibbs in state court. (*Id.*)

Flatiron's absence will not expose existing parties to substantial risk of double or inconsistent obligations. Mr. Gibbs argues that allowing the instant lawsuit to proceed without Flatiron and allowing, presumably, a new lawsuit to proceed in state court between Flatiron and Mr. Gibbs would expose him to inconsistent obligations. (ECF No. 63, PageID 1465.) Mr. Gibbs says that this Court could decide he was lawfully expelled from The Manley Law Firm, while a state court could determine he remains a valid member of Flatiron, which would constitute competing rulings. (*Id.*) Mr. Gibbs does further explain how these rulings would be inconsistent, given that the First Amended Complaint indicates the Operating Agreement governs when Mr. Gibbs may be expelled from The Manley Law Firm, whereas state law governs when Mr. Gibbs may be expelled from Flatiron. (ECF No. 39, ¶¶ 70, 98.) As such, the Court is not persuaded that Flatiron's absence in this matter would expose Mr. Gibbs to a substantial risk of double or inconsistent obligations.

The Court concludes that Flatiron is not necessary and therefore is dispensable. The Court **GRANTS** Plaintiffs' Rule 21 Motion (ECF No. 53), **DROPS** Flatiron from this action, and **DISMISSES WITHOUT PREJUDICE** Count Four of the First Amended Complaint.

## DEFENDANT BRENT J. GIBBS'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Mr. Gibbs moves to dismiss this action for lack of subject matter jurisdiction, arguing that he is a member of The Manley Law Firm and Flatiron, which destroys diversity jurisdiction. (ECF No. 55.) Plaintiffs oppose, saying that these arguments go to the merits of the case and are better suited for resolution after discovery. (ECF No. 64.)

### I. Legal Standard

Motions to dismiss for lack of subject matter jurisdiction "generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack challenges the sufficiency of the pleading, and the court accepts the allegations in the complaint as true. *Id.* A factual attack challenges the factual existence of subject matter jurisdiction and requires a court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* But the court may undertake this factual inquiry "only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Id.*

### II. Analysis

As an initial matter, Mr. Gibbs's argument that diversity of citizenship is lacking because he is a member of Flatiron is moot given that the Court granted Plaintiffs' request to drop Flatiron as a party above. (ECF No. 55, PageID 1039–40.)

Now, the Court considers Mr. Gibbs's argument that there is no diversity of citizenship because Mr. Gibbs is a member of The Manley Law Firm. (*Id.* PageID 1040–41.) When "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should '*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (emphasis in

original) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). This "provides a 'greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion.'" *Id.* (quoting *Garcia*, 104 F.3d at 1261.)

The Court cannot resolve Mr. Gibbs's jurisdictional challenge at this point. His argument as to why complete diversity is lacking implicates the merits of Plaintiffs' claims. Plaintiffs seek declarations that Mr. Gibbs is no longer a member of The Manley Law Firm and Mr. Gibbs stopped owning membership interest in The Manley Law Firm as of October 1, 2025. (ECF No. 39, ¶¶ 75, 117.) Mr. Gibbs disputes those claims. (ECF No. 55, PageID 1030–38.) If, as Plaintiffs allege in their First Amended Complaint, Mr. Gibbs is no longer a member of The Manley Law Firm, then complete diversity exists and the Court has subject-matter jurisdiction over this action. But if, as Mr. Gibbs contends, he is still a member of The Manley Law Firm, then complete diversity is lacking, and the Court does not have jurisdiction.

Indeed, the Parties' briefs related to Mr. Gibbs's Motion to Dismiss for Lack of Subject Matter Jurisdiction demonstrate this point. They include substantive arguments related to whether Mr. Gibbs is still a member, including whether Mr. Gibbs received notice and an opportunity to cure in accordance with the Operating Agreement, whether a meeting of the members was called or held in accordance with the Operating Agreement, and whether Mr. Gibbs's alleged breaches of confidentiality justified expulsion. (ECF No. 55, PageID 1030–38, 1040–41; ECF No. 64, PageID 1477–84.) Determining whether Mr. Gibbs remains a member of The Manley Law Firm—and whether complete diversity is lacking—requires resolving the merits of Plaintiffs' claims.

Under these circumstances, the party challenging subject matter jurisdiction must proceed under Rule 12(b)(6) or Rule 56. *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. Mr. Gibbs brings his Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), not Rule 12(b)(6) (ECF No. 55, PageID 1029), and the Court cannot resolve the merits questions raised in Mr. Gibbs's Motion based on the pleadings and the current record. As such, the Court may "defer resolution of the jurisdictional issue until the time of trial or summary judgment." *Grunberger v. Mueller*, No. 21-cv-12556, 2022 WL 3010888, at *7 (E.D. Mich. July 29, 2022) (quoting *Beane v. Beane*, No. 08-cv-236-JL, 2010 WL 882892, at *2 (D.N.H. Mar. 5, 2010) ("explaining that where the existence of diversity jurisdiction depended upon the resolution of a dispute over the identity of the members of an LLC, and where the court could not 'decide its jurisdiction to hear th[e] case without deciding the case itself, or at least a major part of it,' that the court should 'defer' ruling on the jurisdictional issue"); citing *Inteliclear, LLC v. Victor*, No. 3:16cv1403 (JBA), 2017 WL 2213125 (D. Conn. May 18, 2017) ("same")).

The Court **DENIES** Mr. Gibbs's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 55.)

**DEFENDANT BRENT J. GIBBS'S SECOND MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**

Mr. Gibbs moves to dismiss or, alternatively, to stay the instant action based on related proceedings in Florida state court. (ECF No. 43.) Mr. Gibbs contends that this Court should decline jurisdiction over Plaintiffs' declaratory and injunctive claims under the framework set forth in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), and dismiss or stay Plaintiffs' remaining substantive claims under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (ECF No. 43, PageID 943.) In

response, Plaintiffs argue that neither a dismissal nor a stay are warranted under these doctrines because this action and the Florida action are not parallel or duplicative. (ECF No. 60.)

## I. Declaratory Judgment Act, 28 U.S.C. § 2201

In this action, Plaintiffs bring five claims for declaratory judgment,[1] claims for breach of the Operating Agreement, breach of fiduciary duty, fraudulent inducement, negligent misrepresentation, and a request for injunctive relief. (ECF No. 39, ¶¶ 68–93, 100–48.)

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Typically, "the granting of a declaratory judgment rests in the 'sound discretion' of the court." *Grand Trunk*, 746 F.2d at 325. But this discretion is limited when district courts are presented with "mixed actions" pairing a request for coercive relief (i.e. a claim for damages) with a request for declaratory relief. *Fire-Dex, LLC v. Admiral Ins. Co.*, 139 F.4th 519, 526–28 (6th Cir. 2025). "If the district court has subject matter jurisdiction over a claim for coercive relief, the court must exercise jurisdiction over that claim unless a traditional abstention doctrine applies." *Id.* at 527. So, "[w]hen a declaratory claim in a mixed action presents the same legal issue as the coercive claim over which the district court must exercise jurisdiction," equitable considerations "will counsel heavily in favor of not abstaining" from the declaratory claim. *Id.* at 529.

While the Parties submit substantial briefing on the specifics of the *Grand Trunk* analysis, the Court notes that this is a mixed action presenting both declaratory and coercive claims. And some of the same legal and factual issues are presented in Plaintiffs' declaratory and

[1] The First Amended Complaint includes six claims for declaratory judgment, but the Court dismissed the declaratory judgment claim set forth in Count Four (ECF No. 39, ¶¶ 94–99) above when granting Plaintiffs' Rule 21 Motion.

coercive claims, such as whether Mr. Gibbs breached the Operating Agreement by sharing confidential information (ECF No. 39, ¶¶ 73, 75, 102) and whether Mr. Gibbs failed to perform his job duties (*id.* ¶¶ 88, 92, 110). As such, "the Court's guiding inquiry is not the *Grand Trunk* analysis but instead whether there exists a traditional abstention doctrine that advises against hearing" Plaintiffs' coercive claims. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Davey Tree Expert Co.*, No. 5:25-cv-707, 2025 WL 3267901, at *4 (N.D. Ohio Nov. 24, 2025). So, the Court turns to Mr. Gibbs's argument that the Court should stay Plaintiffs' coercive claims under the *Colorado River* abstention doctrine. (ECF No. 43, PageID 958–60.)

## II. *Colorado River* Abstention

The *Colorado River* abstention doctrine recognizes that "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). But abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813.

To abstain under *Colorado River*, the district court must first determine that a state-court proceeding is parallel to the one pending in federal court. *Romine*, 160 F.3d at 339. In making this threshold determination, a court should consider whether the parties are "substantially similar" and the claims are "predicated on the same allegations as to the same material facts." *See id.* at 340. "'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'" *Id.* (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). But "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 395 (6th Cir. 2006).

If a parallel proceeding exists, the Supreme Court has identified eight factors that a district court must weigh when deciding whether to abstain. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). The factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.*

With the dismissal of Flatiron above, the Parties in this action are the same as those in the Florida action.[2] (ECF Nos. 39, 60-1.) And both actions arise out of the same factual scenario of a business dispute between the Parties. (ECF Nos. 39, 60-1, 60-4.) But Plaintiffs uniquely raise claims related to the Operating Agreement in this lawsuit—an issue that is not being (nor could it be) litigated in the underlying Florida action. The Operating Agreement contains an Ohio forum selection clause. (ECF No. 39, ¶ 15; ECF No. 39-1, PageID 788.) Here, Plaintiffs ask the Court to interpret the terms of the Operating Agreement and determine whether Mr. Gibbs breached the Operating Agreement. (ECF No. 39, ¶¶ 68–84, 100–04.) No such claims exist in the Florida action. (*See* ECF Nos. 60-1, 60-4.) Plaintiffs also include claims for fraudulent inducement and negligent representation in this action, alleging that Mr. Gibbs made representations concerning his qualifications, experience, and ability to contribute, which Plaintiffs relied on when entering a business relationship with Mr. Gibbs, but were later proven to be false. (ECF No. 39, ¶¶ 129–

[2] Plaintiffs attached the Complaint filed in the Florida action by Mr. Gibbs and the counterclaims filed in the Florida action by Mr. Manley, The Manley Law Firm, and MDK Management to their response in opposition to Mr. Gibbs's Second Motion to Dismiss or in the Alternative to Stay. (ECF Nos. 60-1, 60-4.) The Court may properly consider these public records when evaluating Mr. Gibbs's Motion. *See, e.g.*, *Hamm v. Thunderbird Glob. Dev., LLC*, No. 2:22-cv-2068, 2023 WL 1819125, at *1 n.4 (S.D. Ohio Feb. 8, 2023) (Morrison, J.).

48.) These claims do not appear at issue in the Florida action, either. (*Compare id.*, *with* ECF Nos. 60-1, 60-4.)

The Florida action would not serve as "'an adequate vehicle for the complete and prompt resolution of the issues between the parties,' as *Colorado River* abstention requires." *Novak v. Federspiel*, No. 21-1722, 2022 WL 3046973, at *2 (6th Cir. Aug. 2, 2022) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). The Court finds that the Florida action is not a parallel state proceeding and *Colorado River* abstention is not warranted. As such, the Court is obligated to exercise jurisdiction over Plaintiffs' coercive claims, and the Court will exercise jurisdiction over Plaintiffs' declaratory judgment claims, too, given the overlap discussed above. *Fire-Dex, LLC*, 139 F.4th at 529 ("[W]hen the coercive and declaratory claims in a mixed action are tightly linked, it would most likely be an abuse of discretion to abstain on the declaratory claims.").

For these reasons, the Court **DENIES** Mr. Gibbs's Second Motion to Dismiss or in the Alternative to Stay. (ECF No. 43.)

Although this action and the Florida action do not rise to the level of parallel for purposes of *Colorado River* abstention, they still raise some of the same issues. As such, the Court **ORDERS** the Parties to file a joint status report **every 90 days** to update this Court on the status of the Florida action. The Parties' first joint status report is due 90 days from the date of this Opinion and Order.

**DEFENDANT BRENT J. GIBBS'S OBJECTION TO THE MAGISTRATE JUDGE'S JULY 14, 2026 ORDER**

Mr. Gibbs filed an Objection to the Magistrate Judge's July 14, 2026 Order (ECF No. 65). (ECF No. 69.) The July 14, 2026 Order denied Mr. Gibbs's request to stay discovery pending resolution of his Second Motion to Dismiss or in the Alternative to Stay. (ECF No. 65.)

In his Objection, Mr. Gibbs asks the Court to stay discovery pending resolution of his Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 69.) Plaintiffs responded in opposition to Mr. Gibbs's Objection (ECF No. 70), and Mr. Gibbs replied in support (ECF No. 72).

Because the Court resolves Mr. Gibbs's Second Motion to Dismiss or in the Alternative to Stay and Motion to Dismiss for Lack of Subject Matter Jurisdiction in this Opinion and Order, Mr. Gibbs's Objection and request to stay discovery pending resolution of those Motions are moot. Accordingly, the Court **OVERRULES** Mr. Gibbs's Objection to the Magistrate Judge's July 14, 2026 Order. (ECF No. 69.)

## CONCLUSION

For the reasons above, the Court **DENIES** (ECF No. 43) Defendant Brent J. Gibbs's Second Motion to Dismiss or in the Alternative to Stay; **GRANTS** (ECF No. 53) Plaintiffs' Rule 21 Motion to Drop Nondiverse Party or in the Alternative Motion for Leave to File Second Amended Complaint; **DENIES** (ECF No. 55) Defendant Brent J. Gibbs's Motion to Dismiss for Lack of Jurisdiction; and **OVERRULES** (ECF No. 69) Defendant Brent J. Gibbs's Objection to the Magistrate Judge's July 14, 2026 Order.

The Clerk is **DIRECTED** to terminate Plaintiff Flatiron Services, LLC on the Court's docket. Count Four of the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Court **ORDERS** the Parties to file a joint report **every 90 days** regarding the status of the Florida action. The first joint report is due 90 days from the date of this Opinion and Order.

As previously scheduled, an in-person status conference will take place on August 26, 2026 (ECF No. 71) and a preliminary injunction hearing will take place on August 31, 2026 (ECF No. 48).

This case remains open.

**IT IS SO ORDERED.**

**8/25/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**